UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| LITRELL CHAPMAN, | ) | Case No. 1:04CV361 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| ERNIE MOORE, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |


On February 16, 2004, Petitioner Litrell Chapman (Petitioner), pro se, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case Filing (hereinafter "ECF") Dkt. #1.  On May 28, 2004, Respondent Ernie Moore, the Warden of the Lebanon Correctional Institution where Petitioner is serving his sentence, filed a motion to dismiss Petitioner's federal habeas corpus petition as time-barred.  ECF Dkt. #11.  On June 16, 2004, Petitioner filed a response to the motion to dismiss.

For the following reasons, the undersigned recommends that this Court GRANT Respondent's motion to dismiss and dismiss the instant petition for the writ of habeas corpus with prejudice because it is time-barred and not subject to equitable tolling.  ECF Dkt. #11.

-1-

## I.    FACTUAL AND PROCEDURAL HISTORY

### A.    State Proceedings

In Criminal Case No. 345621, the September 1996 Term of the Grand Jury for Cuyahoga County Ohio returned a four-count indictment charging Petitioner with aggravated murder in violation of Ohio Revised Code § 2903.01 with a firearm specification, aggravated burglary in violation of Ohio Revised Code § 2911.11 with a firearm specification, aggravated robbery in violation of Ohio Revised Code § 2911.01 with a firearm specification, and having a weapon while under disability in violation of Ohio Revised Code § 2923.13.  ECF Dkt. #11, Exhibit A. On December 10, 1996, Petitioner entered a plea of not guilty to all charges.  ECF Dkt. #11, Exhibit C.

Petitioner was subsequently tried by a jury and found guilty of aggravated murder and aggravated robbery with the firearm specifications.  ECF Dkt. #11, Exhibit B.  The weapon under disability charge was dismissed.  *Id.*

On November 7, 1997, the trial court issued a journal entry sentencing Petitioner to twenty years to life in prison on the aggravated murder conviction and a three-year consecutive term of imprisonment for the firearm specification, said sentence to run consecutive with Petitioner's sentences in Criminal Case No. 345622 for his convictions for aggravated murder with a firearm specification, aggravated burglary and aggravated robbery.  ECF Dkt. #11, Exhibit B; United States District Court, Northern District of Ohio, Case Number 1:03CV1943.

### B.    Direct Review

Petitioner, through counsel, timely filed a notice of appeal of his convictions in Case No. 345621 to the Eighth District Court of Appeals.  ECF Dkt. #11, Exhibits C, D, E, F.  However,

on May 14, 1998, the appellate court *sua sponte* dismissed Petitioner's appeal because no appellate brief was filed.  ECF Dkt. #11, Exhibit E.

### C.  First Application to Reopen/Application for Reconsideration

On February 1, 2002, the Ohio Public Defender's Office filed an application pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure on Petitioner's behalf, asking the appellate court to reopen his appeal because his counsel was ineffective in failing to file a merits brief which resulted in the dismissal of his appeal.  ECF Dkt. #11, Exhibit F.  Exhibits attached to this application included a notarized affidavit by Attorney Jeffry Kelleher, who stated that he was Petitioner's appointed appellate counsel and he filed a timely notice of appeal but failed to file a timely appellate brief despite requesting and receiving numerous extensions of time deadlines in which to do so.  ECF Dkt. #11, Exhibit F.  Mr. Kelleher further affirmed that he did not advise Petitioner that the appellate court had dismissed his appeal because of Mr. Kelleher's failure to file a brief and he stated that he did not respond to Petitioner's several letters that inquired into the status of his appeal.  *Id.*

Also included as an exhibit was an affidavit from Petitioner, who outlined the letters that he sent to Mr. Kelleher regarding his appeal.  ECF Dkt. #11, Exhibit G.  Petitioner stated that he wrote Mr. Kelleher in January 1998, March 7, 1998, June 17, 1998 and November 12, 1998 and received no response.  *Id.* at 1-2.  Petitioner then stated that he did not write Mr. Kelleher again until July 20, 2000, but Mr. Kelleher did not respond.  *Id.* at 2.  He then sent Mr. Kelleher a letter by certified mail in May of 2001, from which he received confirmation that Mr. Kelleher received his letter.  *Id.*  However, he stated that Mr. Kelleher did not respond.  *Id.*  He then asked his family to call the court and they told him that his appeal had been dismissed.  *Id.*  Petitioner

-3-

stated that he did not ask his family to call the court sooner because he thought that the court process took a long time and his attorney would contact him upon hearing a decision. *Id.* He said that when his family told him about their call to the court, he thought that this meant that he had lost on appeal. *Id.* Petitioner stated that he then contacted the Ohio Public Defender's Office so that they could help him with his appeal to the Ohio Supreme Court as he had thought that he had lost his appeal in the court of appeals and they had affirmed his conviction. *Id.* Petitioner affirmed that at no time did he knowingly, voluntarily or intelligently waive his right to appeal and he wished to appeal his case. *Id.* at 3.

On April 18, 2002, the Eighth District Court of Appeals issued a journal entry indicating that the court was converting Petitioner's Rule 26(B) application for reopening into a delayed Ohio Appellate Rule 26(A) application for reconsideration and granting that motion. ECF Dkt. #11, Exhibit G. The appellate court reinstated Petitioner's original appeal, assigned Attorney Hohmann of the Ohio Public Defender's Office to Petitioner's appeal, and ordered that an appellate brief be filed within thirty days of the transmittal of the record of the lower court proceedings. *Id.* After receiving an extension of time within which the file an appellate brief, Petitioner, through an Assistant State Public Defender, filed a merits brief raising the following assignments of error:

> FIRST ASSIGNMENT OF ERROR:
>
>> APPELLANT'S CONVICTION FOR AGGRAVATED MURDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION. (In passim)

SECOND ASSIGNMENT OF ERROR:

> APPELLANT'S CONVICTION FOR AGGRAVATED ROBBERY IS
> AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS
> NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE IN
> VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS
> TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE 1
> OF THE OHIO CONSTITUTION. (In passim)

ECF Dkt. #11, Exhibit H.  On October 28, 2002, the Court of Appeals addressed Petitioner's

assignments of error and affirmed Petitioner's conviction.  ECF Dkt. #11, Exhibit J.

On December 2, 2002, Petitioner, pro se, filed a notice of appeal in the Ohio Supreme

Court and a memorandum in support of jurisdiction.  ECF Dkt. #11, Exhibit M.  Petitioner

asserted the following argument in support of his proposition of law:

> LITRELL CHAPMAN[sic] CONVICTION FOR ARRGAVATED[sic]
> MURDER AND AGGRAVATED ROBBERY IS NOT SUPPORTED BY
> SUPPORTED[sic] BY[sic] LEGALLY SUFFICIENT EVIDENCE IN
> VIOLATION[sic] THE FOURTEENTH AMENDMENT TO THE UNITED
> STATES CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO
> CONSTITUTION.

*Id.*  The Ohio Supreme Court denied Petitioner leave to appeal on March 12, 2003, finding that

his appeal did not involve any substantial constitutional questions.  ECF Dkt. #11, Exhibit N.

**D.    Second Application to Reopen**

On January 2, 2003, Petitioner, pro se, filed an application to reopen his direct appeal

pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  ECF Dkt. #11, Exhibit O.

Petitioner asserted in this application that his appellate counsel was constitutionally ineffective in

failing to raise on appeal certain errors that would have lead to a new trial.  *Id.*  Petitioner

asserted that the trial court's journal entries did not reflect the truth because he was absent from

the courtroom during his trial and he was denied his right to a speedy trial.  *Id.*  Petitioner also

asserted that he was denied the right to face his accuser and he alleged that hearsay and perjury were used to convict him.  *Id.*  He also asserted that counsel failed to raise the argument that the prosecution failed to prove every element of the crime and the trial court failed to instruct on lesser included offenses.  *Id*.  He further contended that appellate counsel failed to raise the ineffectiveness of his trial counsel as an assignment of error on appeal.  *Id.*

On August 7, 2003, the appellate court addressed Petitioner's arguments and denied his application to reopen.  ECF Dkt. #11, Exhibit P.

On September 18, 2003, Petitioner appealed the denial of his application to reopen to the Ohio Supreme Court.  ECF Dkt. #11, Exhibit Q.  In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

> FIRST PROPOSITION OF LAW:
>
> THE APPELLANT WAS DENIED HIS 6TH AND 14TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN THE COURT OF APPEALS FAIL[sic] TO GRANT APPLICATION TO REOPEN UNDER APP. R. 26(B) MOTION. INEFFECTIVE ASSISTANCE OF APPELLANT[sic] COUNSEL FOR NOT RAISING THE FOLLOWING ERRORS.
>
> (1)  THE JOURNAL DID NOT REFLECT THE TRUTH, NOTHING WAS DONE AT DEFENDANTS[sic] REQUEST BECAUSE DEFENDANT WAS NOT PRESENT IN THE COURTROOM AS A RESULT DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.
>
> (2)  COUNSEL PREJUDICE DEFENDANT BY NOT SHOWING PROSECUTOR FAILED TO TURN OVER FAVORABLE EVIDENCE
>
> (3)  COUNSEL FAILED TO BRING UP TRIAL COUNSEL FAILED TO PREPARE FOR SUPPRESSION HEARING CONCERNING WRITTEN STATEMENT.

(4)  COUNSEL FAILED TO BRING UP PETITIONER WAS CONVICTED
ON HEARSAY AND PERJURY TESTIMONY, WHICH DENIED HIM
RIGHT TO CONFRONT HIS ACCUSER.

(5)  COUNSEL FAILED TO RAISE PROSECUTION DID NOT PROVE
EVERY ELEMENT OF THE CHARGED CRIME.

(6)  COUNSEL FAILED TO BRING UP TRIAL COURT GAVE
ERROROUS[sic] JURY INSTRUCTION WHICH WAS PLAINT
ERROR (TP. 586).

(7)  COUNSEL FAILED TO BRING UP COUNSEL FAILED TO CALL
AN[sic] CORROBORATING WITNESS.  THERE WAS A WITNESS
WHO STATED HE SAW PETITIONER AT PAY PHONE WHEN
SHOOT[sic] WAS FIRED (SEE EXHIBIT A).

(8)  COUNSEL FAILED TO INVESTIGATE A SINGLE WITNESS.
COUNSEL SUPENAD[sic] ABOUT FOUR WITNESSES AND FAILED
TO CALL BECAUSE HE DIDN'T KNOW WHAT THEY WAS[sic]
GOING TO SAY.

(9)  COUNSEL FAILED TO BRING UP COUNSEL HAD ONLY ONE DAY
TO PREPARE[sic] THE DEFENDANT HAD PAID COUNSEL WHO
HE HIRED PAID COUNSEL DID NOT TURN OVER
PETITIONER[sic] FILE UNTIL MONDAY TRIAL START
WEDNESDAY COUNSEL HAD A DUTY TO ASK FOR
CONTINUANCE TO PREPARE A DEFENSE.

PROPOSITION OF LAW TWO
DEFENDANT WAS DENIED THE RIGHT TO DUE PROCESS OF LAW
WHEN HE WAS DENIED THE RIGHT TO A SPEEDY TRIAL
GUARRANTEED[sic] BY THE 14TH AMENDMENT OF U.S. CONSTITUTION
AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW THREE
PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN THE
PROSECUTION FAILED TO TURN OVER FAVORABLE EVIDENCE
GAURANTEED[sic] BY THE 14TH AMENDMENT OF THE U.S.
CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO
CONSTITUTION.

PROPOSITION OF LAW FOUR
PETITIONER WAS DENIED COUNSEL DURING INTERROGATION AND A

-7-

TELEPHONE IN WHICH TO CONSULT WITH COUNSEL WHICH IS GAURANTEED[sic] BY THE 6TH AND 14TH AMENDMENT RIGHT TO THE U.S. CONSTITUTION AND ARTICLE 1 SECTION 10 AND 16 OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW FIVE
PETITIONER WAS DENIED HIS RIGHT TO CONFRONT HIS ACCUSSER[sic] BY THE USE OF HEARSAY AND PERJURY WHICH VIOLATES HIS 6TH AND 14TH AMENDMENT OF UNITED STATES CONSTITUION AND ARTICLEE[sic] 1 SECTION 10 AND 16 OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW SIX
PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN TRIAL COURT FAILED TO INSTRUCT ON LESSER INCLUDED OFFENSE AND WHEN PROSECUTION FAILED TO PROVE EVERY ELEMENT OF CRIME CHARGED WHICH VIOLATED HIS 14TH AMENDMENT OF UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW SEVEN
PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN TRIAL COURT GAVE ERROROUS[sic] JURY INSTRUCTION WHICH WAS PLAIN ERROR, AND DENIED PETITIONER HIS 14TH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND VIOLATED ARTICLE 1 SECTION 10 OF OHIO CONSTITUTION.

PROPOSITION OF LAW EIGHT
PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHERE TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE A VIOLATION OF THE 6TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 AND 16 OF THE OHIO CONSTITUTION.

(1)     COUNSEL FAILED TO PURSUE SPEEDY TRIAL CLAIM HAVE NO STRATEGIC VALUE.

(2)     COUNSEL FAILED TO PREPARE FOR SUPPRESSION HEARING CONCERNING WITNESS IDENTIFACATION[sic].

(3)     COUNSEL FAILED TO PREPARE FOR SUPPRESSION HEARING CONCERNING WRITTEN STATEMENT.

-8-

(4)     COUNSEL WAS INEFFECTIVE WHEN HAD ONLY ONE DAY TO
        PREPARE FOR TRIAL, AND FAILED TO INVESTIGATE A SINGLE
        WITNESS AND FAILED TO CALL CORROBARATITING [sic]
        WITNESS.

(5)     COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO
        A WITNESS TESTIFING[sic] TO A FALSE STATEMENT AND
        HEARSAY TESTIMONY.  COUNSEL FAILED TO OBJECT TO THE
        TRIAL COURT REFUSAL TO INSTRUCT ON LESSER
        UNCLUDED[sic] OFFENSE (INVOLUTARY[sic] MANSLAUGHTER)
        AND ERROROUS[sic] JURY INSTRUCTIONS.

ECF Dkt. #11, Exhibit R.

On December 10, 2003, the Ohio Supreme Court issued an entry dismissing Petitioner's

appeal as not involving any substantial constitutional question. ECF Dkt. #11, Exhibit S.

**E.     Federal Habeas Corpus**

On September 29, 2000, Petitioner, pro se, filed a petition for a federal writ of habeas

corpus in this Court pursuant to 28 U.S.C. § 2254.  *Chapman v. Russell*, Case No.1:00CV2504,

ECF Dkt. #1.  However, on November 30, 2000, the Court dismissed the petition without

prejudice for Petitioner's failure to exhaust state remedies.  ECF Dkt. #5.

On September 15, 2003, Petitioner, pro se, filed another petition for a federal writ of

habeas corpus in this Court pursuant to 28 U.S.C. § 2254 in Case Number 03CV1943.  ECF Dkt.

#1.  While it was initially believed that this September 15, 2003 petition challenged the instant

criminal case as well as another criminal case, Petitioner confirmed in that petition that the

September 15, 2003 petition was based only upon his other criminal case that was unrelated to

the instant case.  *See* ECF Dkt. #17 at 1 in Case Number 03CV1943.

On February 16, 2004, Petitioner filed a petition for writ of habeas corpus in this Court

pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  In his petition, Petitioner raised the following

-9-

grounds for relief:

GROUND ONE: PETITIONER WAS DENIED REOPENING WHEN THE
APPELLATE COURT FAIL[sic] TO GRANT REOPENING UNDER APP. R
(26)B.

SUPPORTING FACTS: APPELLATE COUNSEL FAIL[sic] TO ARGUE
PETITIONER WAS NOT PRESENT IN COURTROOM DURING PRETRIAL
HEARINGS, (2) PROSECUTOR FAIL[sic] TO TURN OVER FAVORABLE
EVIDENCE, (3) PETITIONER WAS DENIED COUNSEL, WHEN
INTERROGATING OFFICERS FAIL[sic] TO GIVE PHONE CALL TO
ACCUSED TO CONSULT COUNSEL.  (4) PETITIONER WAS CONVICTED
ON KNOWING USE OF PERJURY AND HEARSAY.  (5) TRAIL[sic] COURT
ERRORED[sic] WHEN IT FAIL[sic] TO INSTRUCT ON LESSER INCLUDED
OFFENSE.  (6) TRAIL[sic] COURT ERRORED[sic] WHEN IT GAVE
ERROROUS[sic] JURY INSTRUCTIONS: APPELATE[sic] COUNSEL
FAIL[sic] TO BRING UP TRIAL COUNSEL INEFFECTIVENESS: (7) TRIAL
COUNSEL FAIL[sic] TO INVESTIGATE CRIMINAL HISTORY OF
PROSECUTOR WITNESS WHO IDENTIFIED PETITIONER AS KILLER. (8)
TRIAL COUNSEL WAS NOT FAMILIAR WITH FACTS AND LAWS
PERTAINING TO PETITIONERS[sic] CASE.  (9) COUNSEL FAILS TO
REQUEST EXPERT TESTIMONY CONCERNING THE EFFECTS OF
DRUGS AND ALCOHOL [sic] ABILITY TO IDENTIFY AND RECALL
THINGS.  (10) TRAIL[sic] COUNSEL FAIL[sic] TO ASK FOR
CONTINUANCE, HE HAD ONLY ONE DAY TO PREPARE AND FAIL TO
CALL ALIBI/CORROBORATING WITNESS.

GROUND TWO: CONVICTION OBTAINED BY THE UNCONSTITUTIONAL
FAILURE OF THE PROSECUTOR TO DISCLOSE TO THE PETITIONER
EVIDENCE FAVORABLE TO THE DEFENDANT.

SUPPORTING FACTS: A REQUEST WAS MADE IN WRITING AND OPEN
COURT FOR KENNY GAY'S CRIMINAL HISTORY.  THIS REQUEST WAS
NOT GRANTED AND AS A RESULT, MR. GAY TESTIFIED FALSELY.
FURTHER THE PROSECUTION KNEW BEFORE TRAIL[sic] BOTH
WITNESSES WERE UNDER INFLUENCE OF DRUGS OR ALCOHOL.

GROUND THREE: CONVICTION OBTAINED IN THE DENIAL OF
COUNSEL DURING INTERROGATION WHERE PETITIONER MADE A
SPECIFIC REQUEST FOR COUNSEL.

SUPPORTING FACTS: PETITIONER STATES SEVERAL TIMES HE DID
NOT WANT TO MAKE A WRITTEN STATEMENT AND INVOKE HIS

RIGHT TO COUNSEL.  PETITIONER WAS DENIED COUNSEL AND A
TELEPHONE CALL TO CONSULT COUNSEL.

GROUND FOUR: CONVICTION OBTAINED BY THE KNOWINGLY(sic)
USE OF PERJURY AND HEARSAY.

SUPPORTING FACTS: A STATE WITNESS TESTIFIED TO WHAT HE WAS
TOLD.  (SHOOTER AND PERSON WHO OFFERED HELP WAS ONE IN
SAME) HE GAVE COMPUTER COMPOSITE OF SHOOTER THE
PROSECUTION KNEW THIS WAS A FALSE STATEMENT, AND HE
HIMSELF REFERRED TO COMPOSITE AS SHOOTER AND FAILED TO
CORRECT IT.

GROUND FIVE: CONVICTION OBTAINED BY TRIAL COURT GIVEN[sic]
ERROROUS[sic] JURY INSTRUCTIONS.

SUPPORTING FACTS: TRAIL[sic] COURT USED SUCH WORDS AS
NATURAL AND FORESEEABLE CONSEQUENCE WHICH LESSENED THE
STATES[sic] BURDEN OF PROOF.

GROUND SIX: DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT
TRIAL.

SUPPORTING FACTS: (1) COUNSEL FAILED TO PREPARE FOR
SUPPRESSION HEARING CONCERNING IDENTIFICATION.  DURING
SUPPRESSION HEARING DAVID LEHECKA TESTIFIED HE WSA TOLD
IDENTITY OF SHOOTER, COUNSEL FAILED TO INQUIRE.  (2) COUNSEL
FAIL[sic] TO PREPARE FOR SUPRESSION[sic] HEARING CONCERNING
WRITTEN STATEMENT DEFENDANT WAS DENIED COUNSEL AFTER
MAKING SPECIFIC REQUEST.  (3) COUNSEL HAD ONLY ONE DAY TO
PREPARE FOR TRIAL, AS A RESULT HE FAILED TO INVESTIGATE
STATE WITNESSES AND CALL CORROBORATING WITNESSES.
PETITIONER TOLD COURT THE SITUATION AND COURT FAIL[sic] TO
INQUIRE INTO IT.  (4) COUNSEL WAS INEFFECTIVE WHEN HE FAIL[sic]
TO OBJECT: (A) TO WITNESSES WHO TESTIFIED TO HEARSAY AND
PERJURY.  (B) TO THE TRIAL COURT FAILURE TO GIVE LESSER
INCLUDED OFFENSE INSTRUCTIONS.  (C) TO THE TRAIL[sic] COURT
GIVING ERROROUS[sic] JURY INSTRUCTIONS.

ECF Dkt. #1.

On May 28, 2004, Respondent filed a motion to dismiss Petitioner's instant petition for a writ of habeas corpus as time-barred.  ECF Dkt. #11.  On June 16, 2004, Petitioner filed a response contra to Respondent's motion to dismiss.  ECF Dkt. #13.

The instant matter is solely before the Court on Respondent's motion to dismiss and as such, the undersigned will only address whether the statute of limitations bars the instant petition for habeas corpus.

## II.  <u>STANDARD OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's review of the instant matter because Petitioner filed his petition for habeas relief on February 16, 2004, well after the AEDPA's effective date of April 24, 1996.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  A state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations period set forth in 28 U.S.C. § 2244, which provides in pertinent part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented
>          could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or
>          other collateral review with respect to the pertinent judgment or claim is pending
>          shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA statute of limitations runs from the date on which the judgment of conviction becomes final on direct appeal or upon the expiration of the time for seeking direct review, but the statute is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000). The "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is also subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

III.    **ANALYSIS**

A.    **TIMELINESS**

In the instant case, Respondent asserts that the instant §2254 petition for writ of habeas corpus is barred by the statute of limitations found in §2244(d). Although there is a question as

-13-

to when Petitioner's convictions became final for purposes of determining when the statute of limitation began to run, it is clear that the convictions became final after the AEDPA's April 24, 1996 effective date.  Thus, Petitioner had only one year within which to file his federal habeas petitions, unless the limitations period was tolled.

First, the Court must determine when Petitioner's conviction became final.  Respondent argues that Petitioner's convictions became final on May 14, 1998 when the Eighth District Court of Appeals dismissed Petitioner's direct appeal because his attorney failed to file a brief on the merits.  ECF Dkt. #11 at 9.  Respondent asserts that the AEDPA statute of limitations began running on May 15, 1998 and expired one year later on May 15, 1999 because Petitioner had not properly filed collateral actions pending in the Ohio Courts during that one-year period.  *Id.*

Petitioner asserts that direct review became final in his case on October 28, 2002 when the Eighth District Court of Appeals issued an entry denying his appeal on the merits after that court converted an Ohio Appellate Rule 26(B) motion filed by the Ohio Public Defender's Office on Petitioner's behalf into a Rule 26(A) motion and allowed Petitioner to file an appellate brief.  ECF Dkt. #13 at 5.  Petitioner contends that the appellate court's conversion of his Rule 26(B) motion into a Rule 26(A) motion for reconsideration recharacterized the application into a continuation of direct review as opposed to a collateral attack.  *Id.*  Petitioner also contends that the AEDPA statute of limitations was then tolled because his second Rule 26(B) application was filed on January 2, 2003, while his direct appeal was pending in the Ohio Supreme Court.  *Id.* at 6.  He asserts that the Ohio Supreme Court did not render a decision on his direct appeal until March 12, 2003 and did not deny leave and dismiss his appeal on his second Rule 26(B) application until December 10, 2003.  *Id.* at 7.  Petitioner contends that the AEDPA statute of

-14-

limitations did not therefore begin to run until June 13, 2003 after the conclusion of direct review in the Ohio courts and after the additional period of time allowed in which he could have appealed to the United States Supreme Court. *Id*. at 7.

The undersigned recommends that the Court find that Petitioner's convictions became final on or about June 29, 1998, after the state appellate court dismissed Petitioner's appeal for the failure to file a merits brief and after his time for challenging that ruling had expired.  The undersigned recommends that the Court find that neither of Petitioner's Rule 26(B) applications to reopen had an effect on the AEDPA statute of limitations.  In *Winkfield v. Bagley*, No. 02-3193, 66 Fed. Appx. 578, 2003 WL 21259699 (6th Cir. May 28, 2003), unpublished, the Sixth Circuit Court of Appeals faced a similar situation to the case at hand.  In that case, Winkfield was convicted of numerous crimes and the court sentenced him to thirty-three years in prison on August 1, 1986.  At the sentencing, one of Winkfield's co-counsel stated that the other co-counsel would handle his appeal.

No appeal was filed on behalf of Winkfield.  On June 5, 1987, almost one year after his sentencing, the attorney who was supposed to file an appeal wrote a letter to Winkfield explaining that his decision to delay filing an appeal was a strategic decision.  On April 11, 1989, the same attorney wrote another letter to Winkfield again explaining that the delay in filing an appeal was a strategic decision.  The attorney wrote Winkfield again on August 3, 1989, informing him that the status of his case had not changed.  The April and August letters were false because a motion for a new trial had been denied on December 15, 1988.  The attorney made no further contact with Winkfield after the August letter.

-15-

On May 13, 1999, some ten years later, Winkfield filed a pro se motion pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure.  The Tenth District Court of Appeals granted the motion, noting that "[f]ormer counsel for Mr. Winkfield did not pursue a direct appeal on his behalf.  Therefore, Mr. Winkfield has been denied effective assistance of appellate counsel." *Winkfield*, 66 Fed. Appx. at 580.  The court appointed new counsel to represent the petitioner. *Id.*

On March 30, 2000, the Tenth District Court of Appeals affirmed Winkfield's conviction and on August 2, 2000, the Ohio Supreme Court denied Winkfield's motion for a discretionary appeal. *Winkfield*, 66 Fed. Appx. at 580.  Before the Ohio Supreme Court rendered its decision, Winkfield filed a Rule 26(B) application to reopen his appeal pursuant to the Ohio Rules of Appellate Procedure on June 27, 2000. *Id.*  The Tenth District Court of Appeals denied the application on August 23, 2000 and the Ohio Supreme Court dismissed Winkfield's motion for a discretionary appeal. *Id.* at 581.

Winkfield filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Southern District of Ohio on May 8, 2001. *Winkfield*, 66 Fed. Appx. at 581.  On January 16, 2002, the district court adopted the report and recommendation of the magistrate judge who determined that Winkfield's petition should be dismissed as untimely under 28 U.S.C.  §2244(d) because his conviction became final in 1986 after the time for filing a timely appeal of his convictions had expired. *Id.*  The court found that the AEDPA statute of limitations began to run on April 24, 1996 and expired one year later on April 24, 1997 because Winkfield had made no filings before the expiration of the statute of limitations. *Id.*  Winkfield appealed the court's determination that his federal habeas corpus petition was barred because he filed it beyond the one-year period of limitations.

-16-

The Sixth Circuit noted that Winkfield had not challenged his conviction until nearly two years after the AEDPA statute of limitations had expired.  *Winkfield*, 66 Fed. Appx. at 582.  The Court found that his conviction therefore became final in 1986.  The Court further held that neither the Rule 5(A) motion nor the Rule 26(B) application had any effect on the AEDPA limitations period because they were both filed well after the AEDPA limitations period had expired.  *Winkfield*, 66 Fed. Appx. at 582.  The Court stated that while the Rule 26(B) application may serve to toll rather than start anew the AEDPA limitations period, tolling was not applicable in this case because the AEDPA limitations period had expired well before Winkfield filed the Rule 26(B) application.  *Id*.

The Sixth Circuit also rejected Winkfield's argument that his initial appellate counsel's failure to file an appeal prevented him from timely filing his instant federal habeas corpus petition. *Winkfield*, 66 Fed. Appx. at 582.  Winkfield had argued that he was prevented from filing his federal petition due to an impediment created by state action, which is one of the ways in determining the AEDPA one-year limitation period.  Section 2244(d)(1)(B) states that:

> d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

28 U.S.C.A. §§ 2244(d)(1)(B).  Winkfield argued that because the Ohio appellate court found the ineffective assistance of appointed appellate counsel and because counsel never told him that the new trial motion had been denied and actively misled him into believing that the motion and appeal were still pending, a state impediment was created that prevented him from filing his

-17-

federal habeas corpus petition. *Winkfield*, 66 Fed. Appx. at 582.

The Sixth Circuit agreed that the ineffective assistance of Winkfield's appellate counsel constituted state action. *Winkfield*, 66 Fed. Appx. at 582, citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986) and *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)(quotations omitted). However, the Court found that Winkfield had failed to show that his appellate counsel's failure to pursue his appeal prevented him from filing his federal habeas corpus action. *Winkfield*, 66 Fed. Appx. at 582-583. The Sixth Circuit held that:

> Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition. *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D.Mass. 2001). In this case, Winkfield has not alleged that Warner erroneously informed him that he had no federal remedies. No connection has been established between Warner's ineffective assistance and Winkfield's ability to file a federal habeas petition. The fact that Winkfield was able to file his Rule 5(A) motion for a delayed appeal while the alleged impediment still existed *(i.e.*, while operating under the mistaken belief that his appeal was pending or was being strategically delayed by Warner) also suggests that Winkfield was not prevented by Warner's advice from timely filing his habeas petition. *Cf. Dean v. Pitcher*, No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002)("The fact that petitioner eventually filed his habeas petition even though his state appellate counsel had advised him not to do so demonstrates that his counsel's advice was not an unconstitutional impediment to the filing of his habeas petition.").

*Id.* at 583.

The Court further considered whether Winkfield was entitled to the equitable tolling of the AEDPA deadline and found that the facts of his case did not support such a finding. *Winkfield*, 66 Fed.Appx. At 583. The Court applied the *Dunlap v. United States* factors for determining the right to equitable tolling and rejected Winkfield's arguments that he was entitled to equitable tolling because he lacked actual notice of the state appellate deadline and the AEDPA deadline and he had relied on his appellate attorney's representations that he was

-18-

diligently pursuing his appellate rights and was waiting for the outcome of his appeal.  *Id*. at 583-584.  The Court agreed with an earlier decision that "'courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing.'"  *Winkfield*, 66 Fed. Appx. at 583, quoting *Starnes v. United States*, No. 99-5144, 18 Fed. Appx. 288 293, 2001 WL 1006252, at *4 (6th Cir. Aug. 22, 2001)(unpublished)(citing *Fisher v. Johnson,* 174 F.3d 710, 714-715 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.")).  The Court also found that Winkfield did not diligently pursue his federal habeas relief because while he diligently monitored the status of his appeal from 1986 through 1989, he did not explain why he waited almost ten years between his last communication with his original appellate attorney and the filing of his Rule 5(A) motion.  *Winkfield*, 66 Fed. Appx. at 583-584.

Similarly, in the instant case, Petitioner made no challenge to his convictions until well after the one-year AEDPA statute of limitations had expired.  It is true that Petitioner timely filed a notice of direct appeal to the Eighth District Court of Appeals on December 2, 1997.  ECF Dkt. #11, Exhibit D.  However, neither Petitioner nor his counsel filed a merits brief, and the appellate court *sua sponte* dismissed Petitioner's appeal on May 14, 1998 because no appellate brief was filed.  ECF Dkt. #11, Exhibit E.  Thus, Petitioner's direct review became final in late June 1998, and the AEDPA statute of limitations began to run,  after the time had expired in which Petitioner could challenge the ruling dismissing his appeal.  Accordingly, the AEDPA statute of limitations expired one year from late June 1998, that is, in late June 1999.  Petitioner made no filings on or before June 1999.  In fact, he made no filings until 2002.

Further, Petitioner's two Rule 26(B) applications had no effect on the AEDPA limitations period because the limitations period had already expired and no time remained to toll by the time that these applications were filed. *Winkfield,* 66 Fed. Appx. at 582, citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001) and *Wheeler v. Jones*, 226 F.3d 656, 660 (6th Cir. 2000). Petitioner did not file his first Rule 26(B) application until February 1, 2002, well after the one-year AEDPA limitation period had expired.

Moreover, Petitioner's Rule 26(B) applications did not start the AEDPA limitations period anew. In *Searcy*, the Sixth Circuit Court of Appeals determined that although a motion for delayed appeal is part of the direct appeal process, it should be treated for purposes of the statute of limitations analysis as part of collateral review. 246 F.3d at 519. The Sixth Circuit reasoned that a motion for delayed appeal could not start the statute of limitations anew because:

> [I]t would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Id.*, quoting *Raynor v. Dufrain*, 28 F. Supp.2d 896, 898 (S.D.N.Y. 1998). Therefore, the Sixth Circuit held a motion for delayed appeal may toll the statute of limitations, but it does not revive the statute of limitations or start it anew. *Searcy*, 246 F.3d at 519.

Similarly, in *Bronaugh v. Ohio*, the Sixth Circuit addressed the effect of a delayed appeal to an intermediate Ohio appellate court and its effect on the AEDPA statute of limitations. 235 F.3d 280 (6th Cir. 2000). The Sixth Circuit held that a Rule 26(B) application to reopen an appeal was a part of direct review. *Id*. Nevertheless, the Court applied the tolling portion of the

-20-

AEDPA used for collateral review, 28 U.S.C. §2241(d)(2).  *Id*. at 286.  The Court reasoned:

> It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts.  Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

*Id.*

Moreover, although not raised by either party, the undersigned notes that there is a conflict in the case law regarding the effect of delayed appeals on the AEDPA statute of limitations.  In the unpublished decision of *Lambert v. Warden*, No. 01-3422, *unpublished*, 2003 U.S. App. LEXIS 18315 (6th Cir. Sept. 2, 2003), the Sixth Circuit determined that based on *White v. Schotten*, applications to reopen pursuant to Ohio Appellate Rule 26(B) are part of the direct review process under the AEDPA statute and not a part of collateral review.  The Sixth Circuit also noted that while *Searcy* and *Bronaugh* followed *White* in finding that delayed appeals in Ohio are part of the direct review process, these cases inexplicably applied the tolling part of the AEDPA that stays the statute upon state collateral review filings, 28 U.S.C. § 2241(d)(2), instead of applying the part of the AEDPA that delays the statute until the conclusion of direct review, 28 U.S.C. § 2241(d)(1)(A).  *Id*. at *3-6.  The Court therefore held, contrary to *Searcy* and *Bronaugh*, that "the period during which the 26(B) application was pending did not toll the AEDPA statute of limitations.  Instead the limitation period begins to run anew at the conclusion of the 26(B) process." [1] *Id.* at *10.  In *Eads v. Morgan*, United States Magistrate Judge Baughman of this

---

[1]  The Court also notes that in *Granger v. Hurt*, No. 02-3088, *unpublished*, 2003 U.S. App. LEXIS 25719 (6th Cir. Dec. 3, 2003), the Sixth Circuit ruled that a federal habeas corpus petitioner's Section 2254 petition was timely because the delayed appeal that he filed in the Ohio appellate court, some five months after his conviction, was a part of direct review and therefore started the AEDPA one-year grace period anew upon conclusion of all of the state court rulings on the Rule 26(B) application.

However, on January 23, 2004, the Sixth Circuit issued an amended opinion in *Granger v. Hurt*, No. 02-3088, *unpublished*, 2003 U.S. App. LEXIS 25719 (6th Cir. Jan. 23, 2004).  In the revised opinion, the Sixth Circuit removed its discussion regarding the *White* case and its discussion of Rule 26(B) motions.  Instead, the Sixth Circuit

Court certified a question to the Supreme Court of Ohio requesting that the court determine the proper characterization of a Rule 26(B) application to reopen in order to aid the federal courts in determining its effect on the AEDPA statute of limitations.  298 F.Supp.2d 698 (N.D. Ohio 2003).  The Ohio Supreme Court has accepted the certified question in *Morgan v. Eads*, Case No. 04-141.

Applying the current caselaw to the case *sub judice*, the undersigned agrees with the holdings in *Searcy* and *Bronaugh* on the issue of merely tolling the periods in which Ohio delayed appeals are pending rather than starting the AEDPA statute anew.  If delayed appeals filed in the Ohio courts are indeed a part of direct review, as held by *White* and its progeny, then the *Lambert* and *Granger* holdings are technically correct.  However, *Lambert* and *Granger* call attention to the hostility of the Ohio courts toward *White* and point to the fact that no Ohio court has yet to follow *White*.  This is reinforced by the Ohio Supreme Court's acceptance of the certified question in *Eads v. Morgan*.  The *Lambert* and *Granger* Courts also stated that while they were compelled by precedent to follow *White*, they believed that delayed appeals to the Ohio courts are better suited as part of collateral review.

In addition, the implications of the *Granger* and *Lambert* rulings are enormous.  They essentially would allow a federal habeas corpus petitioner to benefit from violating Ohio court rules for filing timely appeals and allow the petitioner to use these delayed appeals as a mechanism to extend his filing period in federal court at any time.  Any petitioner could simply file a Rule 26(B) application or motion for delayed appeal in the Ohio Supreme Court, meritorious or non-meritorious, at any time in order to delay the start of his one-year grace period

---

focused on the alternative due diligence argument based upon the factual predicate method of tolling the AEDPA statute of limitations period.  *Id.* at*3.

under the AEDPA. This would frustrate the very purpose of the AEDPA statute of limitations and render it superfluous.

This rationale applies in the instant case.  Based upon the application of *Searcy* and *Bronaugh*, the undersigned finds that Petitioner's convictions became final in June 1998 after the Ohio appellate court dismissed Petitioner's appeal for the failure to file a merits brief and after his time for filing challenges to this ruling had expired.  Therefore, the statute of limitations began to run in June 1998 and Petitioner had until June 1999 in which to file his petition for a federal writ of habeas corpus.[2]  As such, the delayed appeals filed by Petitioner on February 1, 2002 and January 2, 2003 could not toll the one-year statute of limitations because it had already expired.  Further, the undersigned concludes that the delayed appeal did not start the statute of limitations anew.  *Searcy*, 246 F.3d at 519.  Once the one-year period expired, the subsequent motion for delayed appeal could not revive the one-year period.  *Id.*   To allow Petitioner to benefit from his late state filing and start the AEDPA statute of limitations anew in 2002, when his application for reopening was denied, or in 2003, when his Rule 26(B) application was ultimately denied, is to undermine the purpose of this statute and its intent.  Such a rule  "would severely undercut Congress'[s] intent in enacting the AEDPA by greatly extending the time in which a petitioner may properly bring a ... challenge." *Johnson v. United States,* 246 F.3d 655, 659 (6th Cir.2001)(court prohibited § 2255 petitioner to restart the limitation period by filing motion for new trial pursuant to Rule 33 of Federal Rules of Criminal Procedure).

---

[2]  In *Allen v. Yukins,* 2004 FED App. 0114P (6th Cir. April 20, 2004), the Sixth Circuit Court of Appeals noted that pursuant to Rule 6 of the Federal Rules of Civil Procedure, the statute of limitations begins to run the day after a petitioner's conviction becomes final.

-23-

For these reasons, the undersigned recommends that the Court find that Petitioner's filings in the Ohio courts after the AEDPA statute of limitations expired had no effect on the statute of limitations because it had already expired well before Petitioner's filings.  The tolling provision does not revive a limitation period, but rather, "it can only serve to pause a clock that has not yet fully expired."  *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

Further, while Petitioner did not raise the issue, the undersigned will consider whether his initial appellate counsel's ineffectiveness in failing to file a merits brief could be considered an impediment created by state action for purposes of applying Section 2244(d)(1)(B).  While state action could be attributed to his original appellate counsel's failure to file the merits brief because he was in fact appointed by the trial court, Petitioner, like the petitioner in *Winkfield*, has failed to show, and the undersigned has not found evidence, that his appellate counsel's failure to pursue his appeal prevented him from filing his federal habeas corpus action.  *Winkfield,* 66 Fed. Appx. at 582-583.  Further, the facts that Petitioner in this case filed a Rule 26(B) application and pursued federal habeas corpus actions in his other case negate such a finding.

## B.   EQUITABLE TOLLING

The undersigned must now consider whether Petitioner is entitled to the equitable tolling of the AEDPA statute of limitations because his original appellate counsel failed to file a merits brief and failed to respond to Petitioner's letters asking about the status of his appeal, which had been dismissed without Petitioner's knowledge.  Unless Petitioner can establish that he is actually innocent or he is entitled to equitable tolling, the Court should dismiss his federal habeas corpus petition as time-barred.

Petitioner makes no assertions of actual innocence.  Nor does he argue about equitable tolling at all.  However, the undersigned undertakes the assertion that could be made that the

AEDPA limitation period should be equitably tolled because Petitioner's appointed counsel failed to file a timely appellate brief in the state court.

As a preliminary matter, the undersigned notes that the doctrine of equitable tolling may be invoked to toll the one-year limitations period applicable to § 2254 habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001).  In this Circuit, the standard to be applied to determine whether equitable tolling of a limitations period is appropriate is the five-part test set out in *Andrews v. Orr*, 851 F.2d 146,150 (6th Cir.1988).  *Dunlap,* 250 F.3d at 1008-1009.  This Court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement.  *See id.*

Applying the factors set forth in *Andrews, supra*, to the circumstances surrounding Petitioner's habeas corpus filing, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling.  Petitioner makes no assertion that he was unaware of the filing dates for his federal habeas petition or his state appeal.  Even if he had, the Sixth Circuit denied such an assertion in *Winkfield*, holding that "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing." *Winkfield,* 66 Fed. Appx. at 583, quoting *Starnes v. United States*, No. 99-5144, 18 Fed. Apx. 288, 293, 2001 WL 1006252, at *4 (6th Cir. Aug. 22, 2001)(unpublished)(*citing Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.")).

In addition, while Petitioner did diligently pursue his rights initially by writing numerous letters to his original appellate attorney who did not respond, Petitioner neglects to explain why

rather large lapses of time occurred between attempts to reach his attorney and the court. Petitioner does not explain why he waited from November 12, 1998 until July 20, 2000 before he attempted to contact his attorney again or attempted to discover information about the status of his appeal.  ECF Dkt. #11, Exhibit G at 1-2.  He further neglects to explain why he waited from July 20, 2000 until May 2001 before he attempted to contact his attorney or attempted to discover information about the status of his appeal.  *Id.*

Moreover, counsel's failure to file a direct appeal does not automatically subject Petitioner's habeas petition to equitable tolling, particularly when Petitioner failed to initiate any post-conviction proceedings prior to the expiration of the federal habeas corpus statute of limitations.  *Winters v. Edwards*, No. 01-3061, 2001 WL 1136088, *1 (6th Cir. September 18, 2001), unpublished.  Further, counsel's mistake is not a valid basis for equitable tolling.  *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir.2000); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th  Cir.1999).  The remedy for improper advice by counsel, if indeed it was improper, is not revival of a stale claim and does not qualify Petitioner's claims for equitable tolling under § 2244(d)(1).  *Whalen v. Randle*, 37 Fed.Appx. 113, 120, 2002 WL 409113 at 5 (6th Cir. March 12, 2002), unpublished.

In addition, the undersigned believes that Respondent would be prejudiced in litigating Petitioner's federal constitutional claims, given the length of time that has elapsed since Petitioner was convicted of crimes that occurred nearly seven years ago.

Lastly, the undersigned recommends that the Court find that Petitioner was not reasonable in remaining ignorant of the notice requirement for filing his federal habeas corpus petition.  Petitioner has filed prior federal habeas corpus petitions in this Court and therefore is familiar with the filing requirements.

Based upon the application of the equitable tolling factors to the instant case, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling.

## IV.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss with prejudice because Petitioner's habeas corpus petition is time-barred and not subject to equitable tolling.


                                                    */s/George J. Limbert*
Dated: June 30, 2004                        GEORGE J. LIMBERT
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-27-