IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------- :
LITRELL CHAPMAN,                      : CASE NO. 1:04 CV 0361
                                      :
                   Petitioner,        :
                                      :
         -vs-                         : <u>ORDER ADOPTING REPORT AND</u>
                                      : <u>RECOMMENDATION AND</u>
                                      : <u>DISMISSING THE PETITION</u>
ERNIE MOORE,                          : <u>WITHOUT FURTHER</u>
                                      : <u>PROCEEDINGS</u>
                   Respondent.        :
------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Proceeding <u>pro se</u>, petitioner Litrell Chapman brings a habeas corpus petition, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, challenging his 1997 conviction for aggravated murder and aggravated robbery with firearm specifications in the Cuyahoga County, Ohio, Court of Common Pleas.  This matter was referred to United States Magistrate Judge George J. Limbert for a Report and Recommendation ("R&R"), pursuant to Local Civil Rule 72.2(b)(2).  (Dkt. #9).  In his R&R, Magistrate Judge Limbert finds Mr. Chapman's petition to be time-barred and not subject to equitable tolling.  (Dkt. #14).  Accordingly, he recommends this Court dismiss the petition without further proceedings.  (Id.)

For the following reasons, this Court will adopt Magistrate Judge Limbert's R&R and dismiss Mr. Chapman's petition without further proceedings.

**I. ANALYSIS**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a Court reviews de novo any portion of a report and recommendation to which specific objections have been made.  The petitioner, Mr. Chapman, filed a timely objection to Magistrate Judge Limbert's R&R, challenging the R&R's statute of limitations analysis as it pertains to Ohio Rule of Appellate Procedure 26(B).[1]  (Dkt. #16).

The legal question at issue in this case is whether or not a motion to reopen filed under Ohio App. R. 26(B) is part of the direct review process or is a collateral, post-conviction relief procedure.  Relying on White v. Schotten, 201 F. 3d 743 (6th Cir. 2000), Mr. Chapman argues that Ohio App. R. 26(B) is part of the direct review process.  (Dkt. #16).  Accordingly, Mr. Chapman maintains the direct review of his 1997 conviction re-started on 18 April 2002, when, after he filed a motion to reopen under Rule 26(B), the Eighth District Court of Appeals of Ohio reinstated his appeal.[2]  (Dkt. #11, Ex. G).  Under this analysis, Mr. Chapman argues, the one-

---

[1] Ohio App. R. 26(B) reads in relevant part: "**Application for reopening.**  (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

[2] A procedural anomaly occurred at this juncture in the appeals process when, sua sponte, the Eighth District Court of Appeals of Ohio effected this reinstatement by converting Mr. Chapman's Ohio App. R. 26(B) motion to reopen into a delayed Ohio App. R. 26(A) motion for reconsideration.  Nothing in the record explains or legally substantiates this conversion, nor is there case law addressing the situation.  Despite this anomaly, this Court will proceed with its analysis under Ohio App. R. 26(B) for two reasons.  First, Ohio App. R. 26(B) was created to address ineffective assistance of counsel claims, such as Mr. Chapman's, in which the ineffective assistance was "left undiscovered due to the inadequacy of appellate counsel or the inability of the defendant to identify such errors within the time allotted for reconsideration."  State v. Murnahan, 63 Ohio St. 3d 60, 65 (1992); see also Lopez v. Wilson, 426 F. 3d 339, 343 (6th Cir. 2005) (discussing the history and creation of Ohio App. R. 26(B)). Second,

year AEDPA statute of limitations did not start running on his right to petition for a writ of habeas corpus until 12 March 2003, when the Supreme Court of Ohio denied him leave to appeal the affirmation of his conviction.[3] (Dkt. #16, at 3). However, since Mr. Chapman filed his objection to the R&R, both the Supreme Court of Ohio and the Sixth Circuit have ruled that Ohio App. R. 26(B) is a collateral, post-conviction relief procedure. Morgan v. Eads, 104 Ohio St. 3d (2004); Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005).

    In Lopez v. Wilson, the Sixth Circuit explicitly overrules White v. Schotten, and "conclude[s] that Rule 26(B) creates a collateral post-conviction procedure, and is not part of the direct right of appeal." Lopez v. Wilson, 426 F.3d at 341. Therefore, Mr. Chapman's 1 February 2002 Ohio App. R. 26(B) petition to reopen was not part of his direct appeal, and Magistrate Judge Limbert's analysis of the running of the one-year AEDPA statute of limitations in Mr. Chapman's case is correct. On 14 May 1998, the Eighth District Court of Appeals of Ohio dismissed Mr. Chapman's appeal for failure to file a merits brief; therefore, on 28 June 1998, when the time limit for challenging that ruling expired, the direct review of his case became final. (Dkt. #16, at 19). Pursuant to AEDPA, Mr. Chapman had one year

---

Ohio App. R. 26(B) was in existence and consistently used for ineffective assistance of appellate counsel claims at the time of Mr. Chapman's reinstated appeal - indeed, it was the Rule under which Mr. Chapman requested the reinstatement of his own appeal. (Dkt. #11, Ex. F).

[3] 28 U.S.C. §2244 establishes the statute of limitations period under AEDPA and reads, in relevant part:
"(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review; ...."

from 28 June 1998 in which to file a petition for a writ of habeas corpus; he did not do so until 20 February 2004. (Dkt. #1). Therefore, Mr. Chapman's petition for a writ of habeas corpus is time-barred.

## II. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c). If a claim was analyzed and rejected by the district court on the merits, the district court must determine whether reasonable jurists could find the decision on that claim "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim is procedurally defaulted, a certificate of appealability should issue only after a showing that "jurists of reason would find it debatable" whether 1) "the petition states a valid claim of the denial of a constitutional right" and 2) "the district court was correct in its procedural ruling." Id.

This Court denied Mr. Chapman's petition on procedural grounds, in that it found Mr. Chapman's petition to be time-barred. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. Therefore, this Court denies Mr. Chapman a certificate of appealability.

4

**III. CONCLUSION**

     For the reasons set forth above, the Magistrate Judge's R&R is adopted. Mr. Chapman's petition is dismissed without further proceedings.

IT IS SO ORDERED.

                                                  /s/Lesley Wells  
                                          UNITED STATES DISTRICT JUDGE

Dated:   15 December 2005